# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

               Plaintiff,

v.

Peter Martin (2), Javier Lopez-Lopez (3),
and Juan Daniel Valdez-Mendoza (4)

               Defendants.

Case No. 18-cr-268 (PJS/TNL)

**ORDER**

---

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Kevin W. DeVore, DeVore Law Office, P.A., 724 Bielenberg Drive, Suite 110, Woodbury, MN 55125 (for Defendant Peter Martin);

Lisa M. Lopez, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant Javier Lopez-Lopez); and

Thomas H. Shiah, Law Offices of Thomas H. Shiah, Ltd., 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant Juan Daniel Valdez-Mendoza).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on

the following motions:

1.  Defendant Martin's Motion for Disclosure of *Brady Materials* (ECF No. 61);

2.  Defendant Martin's Motion for Disclosure of 404(b) Evidence (ECF No. 62);

3.  Defendant Martin's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (ECF No. 63);

4.  Defendant Martin's Motion for Early Disclosure of Jencks Act Materials (ECF No. 64);

5.  Defendant Martin's Motion for Counsel's Participation in Voir Dire (ECF No. 65);

6.  Defendant Martin's Motion for Government to Provide Grand Jury Testimony of Witnesses (ECF No. 66);

7.  Defendant Martin's Motion for Government Agents to Retain Rough Notes (ECF No. 67);

8.  Defendant Lopez-Lopez's Motion for Pretrial Disclosure of 404 Evidence (ECF No. 71);

9.  Defendant Lopez-Lopez's Motion to Compel Attorney for the Government to Disclosure Evidence Favorable to the Defendant (ECF No. 72);

10. Defendant Lopez-Lopez's Motion for Discovery and Inspection (ECF No. 73);

11. Defendant Lopez-Lopez's Motion for Early Disclosure of Jencks Act Material (ECF No. 74);

12. Defendant Lopez-Lopez's Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. 75);

13. Defendant Lopez-Lopez's Motion for Discovery of Rule 16(a)(1)(G) Evidence (ECF No. 76);

14. Defendant Valdez-Mendoza's Motion for Compliance with Federal Rule of Criminal Procedure 16 (ECF No. 79);

15. Defendant Valdez-Mendoza's Motion to Disclose the Identity of All Informants Who were Witnesses to or Participants in the Crimes Charged in the Indictment (ECF No. 82);

16. Defendant Valdez-Mendoza's Motion to Disclose Government's Intent to Introduce Any 404(b) Evidence (ECF No. 83);

17. Defendant Valdez-Mendoza's Motion to Disclose Any Evidence That is "Helpful" to the Defense (ECF No. 84); and

18. Defendant Valdez-Mendoza's Motion to Disclose Post-Conspiracy Statements of Co-Defendants (ECF No. 85).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. Defendant Martin's Motion for Disclosure of 404(b) Evidence (ECF No. 62), Defendant Lopez-Lopez's Motion for Pretrial Disclosure of 404 Evidence (ECF No. 71), and Defendant Valdez-Mendoza's Motion to Disclose Government's Intent to Introduce Any 404(b) Evidence (ECF No. 83) are **GRANTED** as follows: Defendants seek evidence of any bad acts or other similar course of conduct evidence that the Government seeks to introduce at trial against them pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government indicates it is aware of its obligations under Rule 404 and indicates it will make any such disclosures at a reasonable time before trial. (Gov't Resp., at 1–2, ECF No. 16). At the hearing, the parties agreed to a 14-day pre-trial deadline for disclosure.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted).

Therefore, no later than 14 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends to offer at trial within the purview of Fed. R. Evid. 404(b). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

2. Defendant Martin's Motion for Disclosure of Brady Materials (ECF No. 61), Defendant Lopez-Lopez's Motion to Compel Attorney for the Government to Disclosure Evidence Favorable to the Defendant (ECF No. 72), and Defendant Valdez-Mendoza's Motion to Disclose Any Evidence That is "Helpful" to the Defense (ECF No. 84) are **GRANTED IN PART** and **DENIED IN PART** as follows: Defendants seek evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny, including statements or evidence exculpating the defendant,

contradictory witness statements, prior convictions or other prior bad acts of prospective witnesses, consideration or promises provided to witnesses, threats directed against witnesses, any prior witness testimony, impeachment information of witnesses, and governmental files on witnesses. The Government indicates it has complied with its obligations under these authorities and will continue to comply, but objects to the extent that Defendant's motion seeks materials outside the requirements of *Brady*, *Giglio*, and their progeny. At the hearing, the parties agreed to a 14-day pre-trial deadline for disclosure of *Brady* materials.

Accordingly, the Government shall comply with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence. To the extent that Defendants' motions seek discovery and disclosures outside the Government's obligations under these authorities, they are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). The Government shall provide all *Brady* materials no later than 14 days prior to trial.

3.  Defendant Martin's Motion for Government Agents to Retain Rough Notes (ECF No. 67) and Defendant Lopez-Lopez's Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. 75) are **GRANTED** as follows: Defendants seek an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to retain and preserve all rough notes pertaining to this matter and its

5

underlying investigation. The Government does not object to the motion to the extent it seeks retention and preservation of rough notes and evidence. Therefore, the Government shall direct its agents involved in this case to retain and preserve any rough notes pertaining to this case and to preserve any evidence seized.

4. Defendant Martin's Motion for Early Disclosure of Jencks Act Materials (ECF No. 64) and Defendant Lopez-Lopez's Motion for Early Disclosure of Jencks Act Material (ECF No. 74) are **DENIED** as follows: Defendants request early disclosure of Jencks Act materials. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Douglas*, 964 F.2d at 741 n. 2. The Government has not agreed to early disclosure of Jencks Act material in this case. While the Court expects the Government to provide materials sufficiently in advance so as to prevent delays in trial in this multi-defendant proceeding, the Court will not order their disclosure at this time. Therefore, Defendants' motions are denied. This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady*, *Giglio*, and their progeny.

5. Defendant Martin's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (ECF No. 63), Defendant Lopez-Lopez's Motion for Discovery and Inspection (ECF No. 73), Defendant Lopez-Lopez's Motion for Discovery of Rule 16(a)(1)(G) Evidence (ECF No.

76), and Defendant Valdez-Mendoza's Motion for Compliance with Federal Rule of Criminal Procedure 16 (ECF No. 79) are **GRANTED IN PART** and **DENIED IN PART** as follows: Defendants seeks discovery materials, including statements, prior criminal records, items material to the preparation of their respective defenses, results or reports of physical or mental examinations, and written summaries of testimony. The Government noted that it is aware of its ongoing duty to disclose. Accordingly, the Government shall comply with its discovery obligations under Rules 12, 16, and 26.2 and shall ensure the prompt provision of full and complete discovery disclosures.

With respect to expert witness reports, the Government notes that it is aware of its obligations concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702–705. The parties shall each comply with Rule 16(a)(1)(G) and Rules of Evidence 702–705 no later than 14 days before trial, but shall make reasonable efforts to comply earlier to avoid any delays in this multi-defendant proceeding. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion.").

To the extent that Defendants' motions seek discovery and disclosures outside the Government's obligations under these authorities or not ruled on elsewhere in this Order, they are denied. *See Johnson*, 228 F.3d at 924.

6. Defendant Valdez-Mendoza's Motion to Disclose Post-Conspiracy Statements of Co-Defendants (ECF No. 85) is **DENIED** as follows: Defendant Valdez-Mendoza, relying upon Fed. R. Crim. P. 16(c) and *Bruton v. United States*, 391 U.S. 123 (1968), seeks

disclosure by the Government of its intent to use post-conspiracy statements of co-defendants or unindicted co-conspirators at trial. The Government objects, indicating that it will not offer in a joint trial any statement by one Defendant that implicates another and that it will disclose such statements as required by other authorities, such as *Brady* or *Gigilio*.

Rule 16 provides "that only statements of the defendant are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). *Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137. *Bruton* is not violated when the statements of a co-defendant are redacted so as to eliminate any reference to the defendant. *United States v. Donahue*, 948 F.2d 438, 443 (8th Cir. 1991) ("[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession . . . when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.") (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

To the extent post-conspiracy statements of co-defendants or unindicted co-conspirators are discoverable under some other authority, such as *Brady* or *Giglio*, the Court expects the Government to provide them. But because Defendant Valdez-Mendoza seeks statements made by others, not himself, he is not entitled to their disclosure under Rule 16. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a

8

statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford*, 429 U.S. at 559). Therefore, his motion must be denied.

7.    Defendant Valdez-Mendoza's Motion to Disclose the Identity of All Informants Who were Witnesses to or Participants in the Crimes Charged in the Indictment (ECF No. 82) is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant Valdez-Mendoza seeks the disclosure of the identity of any confidential informant used by the Government to investigate this matter and to make such informants available for interview by defense counsel. The Government acknowledges that it used a confidential informant to participate in an undercover transaction with Defendant Valdez-Mendoza and indicates that it will identify the individual or produce the individual for interview seven days before trial. The Government further indicates it will provide information regarding any inducements or rewards given to such individual, the individual's criminal history, and prior false statements, if any, seven days before trial. The Government objects to providing the individual's address and phone number.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). "To justify the compelled disclosure of a confidential informant's identity, a defendant must show that his right to the information outweighs the government's traditional privilege to withhold it." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001) (citing *Roviaro*, 353 U.S. at 59-62). "A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair

determination of a cause.'" *Alcantar*, 271 F.3d at 739 (quoting *Roviaro*, 353 U.S. at 60-61). "'In order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case.'" *Hollis*, 245 F.3d at 674 (quoting *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991)).

In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *Harrington*, 951 F.2d at 878 (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)). Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *Hollis*, 245 F.3d at 674. In addition, the disclosure of an informant's address is not necessary, particularly when the Government produces the informant for an interview and agrees to provide the informant's criminal

background and any financial inducements. *United States v. Large*, 729 F.2d 636, 640 (8th Cir. 1984).

In light of the Government's agreement, the Court orders that the Government "make the identity of any unnamed individual who participated in an uncover transaction with the defendant known or make the informant available for interview 7 days prior to trial." The Court further orders that the Government provide information regarding any inducements or rewards given to the informant, the informant's criminal history, and prior false statements, if any, be provided no later than seven days before trial. To the extent Defendant Valdez-Moreno seeks information beyond this, his motion is denied.

8. Defendant Martin's Motion for Counsel's Participation in Voir Dire (ECF No. 65) is **DENIED WITHOUT PREJUDICE** as follows: Defendant Martin seeks permission to supplement the Court's voir dire examination. This matter is properly handled by the trial judge, who will determine the procedures under which the trial shall proceed in this matter, including the process through which the jury is empaneled. Accordingly, this motion is denied without prejudice as premature.

9. Defendant Martin's Motion for Government to Provide Grand Jury Testimony of Witnesses (ECF No. 66) is **DENIED** as follows: Defendant Martin requests production of grand jury testimony for witnesses the Government intends to call at the motion hearing and trial. To the extent Martin's motion relates to the motion hearing, the motion is denied as moot, as the Government indicated the witness did not testify before the Grand Jury. With respect to trial witnesses, Martin is seeking information that amounts to Jencks Act material. For the same reasons discussed above, the Court will not order early production

of Jencks Act material, though as before it expects the Government to provide materials sufficiently in advance so as to prevent delays in trial and to disclose materials encompassed by the Jencks Act that need be disclosed pursuant to other authorities, including *Brady*, *Giglio*, and their progeny.

10. All prior consistent orders remain in full force and effect.

11. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: May 17, 2019                              *s/ Tony N. Leung*
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *United States v. Martin, et al.*
                                                Case No. 18-cr-268 (PJS/TNL)